IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRENDA LORRAINE BROWN,  No. 6:17-cv-00144-JE

        Plaintiff,

    v.

NANCY A. BERRYHILL,  ORDER
Acting Commissioner of Social Security,

        Defendant.

HERNANDEZ, District Judge:

Magistrate Judge Jelderks issued a Findings and Recommendation (#21) on March 7, 2018, in which he recommends that this Court affirm the Commissioner's decision to deny Supplemental Security Income (SSI) to Plaintiff. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

1 - ORDER

I have carefully considered Plaintiff's objections. For the reasons explained below, I reject the portion of the Findings & Recommendation that found the conceded error of omitting a restriction to 1-2 step tasks to be harmless. Thus, I adopt the Findings & Recommendation in part and modify it in part. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

In her appeal of the Commissioner's decision to deny her SSI benefits, Plaintiff argued that the Administrative Law Judge (ALJ) erred by rejecting the opinion of examining physician Dr. John Ellison, M.D., and by failing to include a limitation to 1-2 step tasks assessed by a non-examining agency consultant whose opinion the ALJ otherwise accepted. Defendant conceded the second error, but argued it was harmless because the agricultural sorter job identified as past relevant work that Plaintiff was capable of performing, could still be performed without the 1-2 step task restriction. Plaintiff argued that the error was not harmless because the agricultural sorter job required exposure to loud noise which was inconsistent with Dr. Ellison's restriction to moderate noise. Defendant contended that the moderate noise restriction was rejected by the ALJ in her overall rejection of Dr. Ellison's opinion.

Judge Jelderks found that the ALJ properly rejected Dr. Ellison's opinion. He also agreed that the error in failing to include the 1-2 step task limitation in the RFC was harmless because, as Defendant had argued, Plaintiff could still perform the agricultural sorter job. Plaintiff objects to the finding that the conceded error regarding the 1-2 step task was harmless. Defendant responds that Judge Jelderks's finding was correct, that Plaintiff waived the argument, and that the record fails to support a noise restriction in any event.

In her objections, Plaintiff does not directly challenge Judge Jelderks's determination that

the ALJ did not err in rejecting Dr. Ellison's opinion. I agree with Judge Jelderks that as to the specific functional limitations assessed by Dr. Ellison that the ALJ actually discussed, there was no error. Thus, I adopt Judge Jelderks's finding that the ALJ did not err in giving little weight to Dr. Ellison's opinion regarding Plaintiff's ability to lift, stand, walk, reach, handle, balance, stoop, etc.

However, in describing Dr. Ellison's report and opinion, the ALJ never mentioned the noise restriction which is categorically distinct from the physical functional limitations cited by the ALJ. Tr. 881-82 (first describing Dr. Ellison's examination, then noting observations related to gait, walking, coordination, muscle bulk, strength, tone, and range of motion in the extremities, and finally citing to specific limitations in the abilities of lifting, carrying, standing, walking, reaching, handling, fingering, feeling, using foot controls, balancing, stooping, kneeling, crouching, and crawling). And, the reasons offered by the ALJ for rejecting Dr. Ellison's opinion were limited to inconsistencies with these physical assessments. Tr. 882 (explaining that Plaintiff's ability to ride a bicycle was incongruous with the level of functional limitations assigned by Dr. Ellison and that there was no particular impairment of the hands or upper extremities to support the manipulative limitations).[1]

An ALJ is required to give specific and legitimate reasons, supported by substantial evidence in the record, for rejecting the contradicted opinion of a treating or examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). This standard is satisfied

---

[1] In addition to these two reasons, the ALJ did state that she gave little weight to Dr. Ellison's assessments because they were not well supported "by the evidence discussed above, particularly the claimant's daily activities." Tr. 882. The "evidence discussed above" is a four-page, single-spaced summary of the medical evidence. A general reference to the "evidence discussed above" is not specific enough to allow for meaningful review.

3 - ORDER

when the ALJ sets "out a detailed and thorough summary of the facts and conflicting clinical evidence, *stating his interpretation thereof, and making findings*." *Id.* (internal quotation marks omitted; emphasis added). "The ALJ must do more than state conclusions. He *must set forth his own interpretations and explain why they, rather than a doctors', are correct. Id.* (internal quotation marks omitted; emphasis added). The ALJ errs by rejecting a medical opinion with "boilerplate language that *fails to offer a substantive basis for his conclusion*." *Id.* at 1012-13 (emphasis added).

Defendant argues that the ALJ was not obligated to separately discuss each of Dr. Ellison's more than thirty individual limitations. While this contention seems to run counter to the requirement that the ALJ offer specific reasons and explanation in support of rejecting a physician's opinion, even if I accept it for the purposes of this discussion, the argument loses validity when the limitation at issue is of a completely different nature and category than the limitations the ALJ actually discussed. Here, the ALJ made no mention of the environmental restrictions and none of the reasons she gave in support of rejecting Dr. Ellison's opinion logically apply to a noise restriction. Thus, while Judge Jelderks's finding that the ALJ did not err in rejecting Dr. Ellison's opinion is correct, it does not extend to the ALJ's failure to discuss the noise restriction. As a result, that noise restriction remains valid and precludes a determination by this Court that the error in failing to incorporate the 1-2 step task limitation is harmless.

Finally, I reject Defendant's waiver argument and its arguments as to why the noise restriction is not supported in the record. First, while Plaintiff did not identify each and every limitation of Dr. Ellison's in the section of her Opening Brief challenging the ALJ's rejection of

4 - ORDER

his opinion, she did raise the noise restriction issue in the section arguing why the ALJ's errors were not harmless.  Second, Defendant's contentions about why the noise restriction should be rejected are improper post-hoc rationalizations that this Court cannot consider in the first instance.  *Trevizo v. Comm'r*, 871 F.3d 664, 677 n.4 (9th Cir. 2017) (district court erred in looking beyond ALJ's stated reasons and explanation to support ALJ's opinion); *Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (court cannot affirm the agency on a ground not invoked by the ALJ without violating the *Chenery* rule) (citing *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (stating that a reviewing court may affirm agency action only on "the grounds invoked by the agency")); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (district court may not make its own independent findings, and is "constrained to review the reasons the ALJ asserts.").

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Jelderks's Findings & Recommendation [21].  The Commissioner's decision to deny Plaintiff Supplemental Security Income is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

DATED this 4 day of May, 2018.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

5 - ORDER